SOUTHALL *versus* CLARK.

1. Chancery will not afford relief to a ward, against a settlement made with his guardian, where a receipt in full has been given for more than ten years before the bill is filed; and, where it does not appear, but that the ward is capable of being correctly informed, as to all the facts and circumstances connected with such settlement, and with his own rights; when no improper influence is shewn to be exerted by the guardian—no deception: and, where the evidence of his rights, as a ward, at the time of such receipt, is of record, and accessible to him.

This was a bill in Chancery, filed by the plaintiff in error, on the chancery side of Madison Circuit court.

The bill, among other matters, charged, that, the complainant, being the ward of the defendant, who married the widow of his father, had, upwards of ten years before the filing of the bill, executed a receipt to the guardian, in full settlement of his accounts; that this receipt was given, in consequence of the confidence reposed in the defendant: and, the object of the bill, was to show, that, by the settlement, the complainant had been illegally deprived of his share in the estate of his father; that the same was made on the representations of the defendant; and that the facts, in relation to his rights, under his father's estate, had but lately come to his knowledge.

The answer of the defendant denied most of the material allegations of the bill, and relied generally on the receipt and settlement.

There was no proof of any want of capacity in the complainant, at the time he executed the receipt;

nor, of any undue influence on the part of the defendant. The reliance of the complainant was chiefly on the illegality of certain sales, made by the defendant, of the personalty of the estate of the complainant's father—the defendant, in right of his wife, having acted as administrator. The bill, on final hearing was dismissed.

*Craighead and Hopkins,* for the plaintiff—
*Thornton, contra.*

LIPSCOMB, C. J. — The effect of the settlement, made between the complainant and the defendant, as the guardian of the complainant, is such as to dispense with the necessity of inquiring, whether such a case is made out, as would otherwise entitle the complainant to relief.

More than ten years had elapsed, from the date of that settlement before relief was sought; and, then, no peculiarity of circumstances is shown, why the complainant was so slow in becoming correctly informed, as to his rights. No extraordinary exertions are alleged, to have been used by the former guardian, to continue the deception; nor does it appear, that the complainant was less qualified, and competent to transact his own business, than ordinary men. We do not say, that a case might not occur, (where mental imbecility, leaning, from habit, on the confidence reposed in a guardian, and trusting in him to such an extent, as to leave scarcely, the freedom of will, presenting such strong claims,) as to induce a court of chancery to disregard the lapse of time, that had intervened from the period, when the complainant's rights accrued, or, from the date of a

settlement, effected by a cunning and superior mind, over an inferior one, that habit had subjected to its influence. That such cases may occur, there can be no doubt; and, when they do, a court of chancery will grant relief.

This case presents none of those grounds: the complainant is not represented to be a weak confiding man; nor does he seem to have been under any undue influence, at the time he executed a receipt to the defendant. He had married and lived apart from his guardian, sometime before he arrived at the age of twenty-one years. We have no reason to believe, that any undue means were resorted to, by the defendant, to keep up the delusion, if the complainant was under its influence, at the time of the settlement. The facts did not rest in the bosom of the defendant, nor were they confined to the knowledge, alone, of those under his influence; but, were, most of them, matters of record, in Georgia—and, accessible at all times, to the complainant.

If the settlement made, was a fraud on the complainant; and the receipt given by him, procured by fraud, it was competent for him to waive all advantages, and confirm the settlement, although it was originally effected by the fraudulent practices of the defendant; and this confirmation must necessarily be presumed, from so long an acquiescence, on the part of the complainant. There should be some period of time, to give stability and rest to transactions of this kind; and courts of chancery have generally assumed the period fixed by law, as a limitation of actions at law, to be the limit to investigations of this sort. There is as strong reason for imposing a limitation in chancery, as at law—there is the same

danger of a loss of the evidence of the facts, by time; and it would be as pernicious, to unsettle property and rights by a decree in chancery, after they had been so long adjusted by the parties, as it would to open the door to judicial investigation, on the principles of the common law.

The case of *Meredith and wife* vs. *Nichols and wife,*[a] was a much stronger case than the one before [a 1Mar.595.] us. The complainant and his wife had not the same means of acquiring correct information as to their rights, as this complainant had. It is not to be expected that Mrs. Meredith could be so well informed as to the manner in which her father's estate had been disposed of, as if she had been a male. She would rest with more implicit confidence in the honesty and fair dealing of her step-father, who had brought her up as his own child. Her husband had no means of acquiring information on the subject, but from his wife. Under such circumstances, it is natural, that she should believe in the honesty of the step-father, and that her husband should believe her confidence had not been misplaced. They sought relief against their receipt, within seven years after it was given, and the Supreme court of Kentucky, in the opinion delivered by Judge *Rowan*, refused relief, because it was not satisfactorily shown why they had so long delayed seeking relief. And it was ruled that their acquiescence for so long a time, amounted to a confirmation of the settlement. The judge observes, that the court could find nothing to justify altering that state of things, which had so long existed, and which had been so long affirmed by the parties, without their entering into the inquiry as to the merits of this bill, aside from this objection.

We believe, that, whatever equity and merits may have been with the complainant, that he has permited such a length of time to elapse, that we will not set aside his receipt.

The decree must, therefore, be affirmed with costs.